UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DENYONNA N. REED, <br><br> Plaintiff, <br><br> v. <br><br> IQ DATA INTERNATIONAL, INC., <br><br> Defendant. | CIVIL ACTION <br><br> COMPLAINT 5:22-cv-00068 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES DENYONNA N. REED ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd., complaining of the Defendant, IQ DATA INTERNATIONAL, INC. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 *et seq*. and the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Ann. §392 *et. seq*.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental Jurisdiction exists for Plaintiff's TDCA claim.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391b(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial circuit.

1

## PARTIES

4. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant is a collection agency located at 21222 30th Drive SE Suite 120 Bothell, Washington, 98021.

6. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as its principal business purpose is the collection of defaulted debts owed to others.

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSE OF ACTION

8. On or around March 2020, Plaintiff was home searching for available apartments to rent when she expressed a potential interest in renting an apartment from Icon Apartments located in the state of Texas.

9. After the approval of her credit application with Icon Apartments, Plaintiff decided to rent from another apartment complex and did not agree to a lease with Icon Apartments.

10. On December 20, 2021, Plaintiff discovered that Defendant began reporting a debt allegedly owed to Icon Apartments for $894. ("alleged subject debt" or "subject debt").

11. Plaintiff was confused on why Defendant began reporting the alleged subject debt as she was never a resident or signed a lease with Icon Apartments.

12. Plaintiff attempted to reach Icon Apartments to discuss the subject debt, but was unsuccessful due to its office closing for the holidays.

13. Alternatively, Plaintiff placed an outgoing call to Defendant in hopes to gather more information regarding the alleged subject debt.

14. During the call, Plaintiff verbally disputed the subject debt with Defendant who explained she would need to file a fraud form and provided no further help to Plaintiff.

15. Unsatisfied with her previous call, Plaintiff called Defendant once more and worked with another representative of Defendant.

16. After verifying her personal information once more, Plaintiff was told by Defendant that her name was mistaken with another individual by the name of Alexandra who shares the Plaintiff's date of birth.

17. Defendant offered once more the same fraud form that Plaintiff could complete for disputes.

18. Moreover while speaking with Defendant, Plaintiff was informed that her name was also added to an unknown lease at Icon Apartments stemming from the subject debt, despite never actually signing any lease agreement.

19. Plaintiff felt extremely worried that there could be negative consequences if she did not pay the debt, even though she did not owe the subject debt.

20. Defendant's inaccurate reporting and lack of urgency to rectify the problem on Plaintiff's credit report has cause the Plaintiff much distress and damages her good reputation as a consumer.

21. Defendant's misleading conduct has severely disrupted Plaintiff's daily life and general well-being as Plaintiff constantly feared serious consequences.

22. Concerned about the violations of her rights, Plaintiff was forced to seek the assistance of counsel to file this action to prevent Defendant from further deception in the future, thus incurring costs and expenses.

### COUNT I – DEFENDANT'S VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff restates and realleges paragraphs 1 through 22 as though fully set forth herein.

24. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

25. The alleged debt in which Defendant attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

26. Defendant is a "debt collector" as defined by §1692a(6) because its primary business purpose is to collect defaulted debts and uses credit reporting, mail and/or the telephones to collect delinquent consumer accounts.

27. Defendant is a "debt collector" as defined by §1692a(6) because it regularly collects defaulted debts owed or asserted to be owed or due to another.

28. Defendant used the mail to collect the alleged debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

29. Defendant violated 15 U.S.C. §§1692e, e(2), e(8), and f through its unlawful collection practices.

**a. Violations of FDCPA §1692e**

30. Defendant violated §1692e by using false, deceptive, and misleading representation in connection to collection of the alleged debt. The alleged debt was not owed at the time Defendant demanded payment from Plaintiff as the alleged debt was not accrued by Plaintiff.

31. Furthermore, Defendant violated §1692e(2) when it falsely misrepresented the character, amount, or legal status of the alleged debt as Defendant sought to collect a debt that Plaintiff was not legally obligated to pay. Plaintiff was never a resident of Icon Apartments and never signed a lease.

32. Defendant violated §1692e(8) by reporting the alleged subject debt to Plaintiff's credit report despite knowing that information to be false and misleading.

33. Specifically, Plaintiff had no legal obligation to pay the subject debt because she was never a resident of Icon Apartments.

34. Defendant knew the information it was relaying to Plaintiff was false and misleading, but did so in hopes that the unsophisticated consumer would avoid jumping through additional hoops-and-ladders, submit, and pay subject account.

**b. Violation of FDCPA §1692f**

35. Defendant violated §1692f when it used unfair and unconscionable means to collect the alleged debt. The alleged debt was not owed at the time Defendant demanded payment, but Defendant sent subject account to the bureaus anyway in hopes that Plaintiff would make a payment.

36. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt that was not owed at the time it made demands for payment.

37. Upon information and belief, Defendant has no system in place to identify and cease collection of debts not owed.

38. As pled above, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

**WHEREFORE**, Plaintiff DENYONNA N. REED requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
d. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

39. Plaintiff restates and realleges paragraphs 1 through 38 as though fully set forth herein.

40. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

41. The alleged debt is a "debt" and a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

42. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

   a. **Violations of TDCA § 391.304**

43. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(8), states that, "…...a debt collector may not use fraudulent, deceptive, or misleading representation that employs…..misrepresenting the character, extent, or amount of the consumer debt…………"

44. Defendant violated § 392.304(8) when it falsely misrepresented the character, amount, or legal status of the alleged debt as Defendant sought to collect a debt that Plaintiff was not legally obligated to pay. Plaintiff was never a resident of Icon Apartments and never signed a lease.

45. Specifically, Plaintiff had no legal obligation to pay the subject debt because she was never a resident of Icon Apartments.

46. Defendant knew the information it was relaying to Plaintiff was false and misleading, but did so in hopes that the unsophisticated consumer would avoid jumping through additional hoops-and-ladders, submit, and pay subject account.

47. As alleged above, Plaintiff was harmed by Defendant's actions and inactions.

**WHEREFORE**, Plaintiff DENYONNA N. REED requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);
c. Award Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);
d. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;
e. Award Plaintiff costs and reasonable attorney fees as provided under Tex. Fin. Code Ann. § 392.403(b) ; and
f. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: January 26, 2022

Respectfully Submitted,

/s/ Marwan R. Daher
Marwan R. Daher, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
mdaher@sulaimanlaw.com