UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DENYONNA N. REED | § | CIVIL ACTION |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | COMPLAINT 5:22-cv-00068 |
| | § | |
| I.Q. DATA INTERNATIONAL, INC. | § | |
| | § | |
| Defendant. | § | |

### DEFENDANT I.Q. DATA INTERNATIONAL, INC.'S ORIGINAL ANSWER TO PLAINTIFF DENYONNA N. REED'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF THIS COURT:

Defendant I.Q. Data International, Inc. ("Defendant") through undersigned counsel, files this Original Answer to the Complaint of Plaintiff Denyonna N. Reed ("Plaintiff"), and to any subsequent amended or supplemental complaints, and would respectfully show the Court as follows:

### NATURE OF ACTION

1. Defendant denies the allegations contained in Paragraph 1 of the Complaint insofar as Plaintiff alleges that Defendant committed or engaged in unlawful conduct under the Fair Debt Collection Practices Act (the "FDCPA"), the Texas Debt Collection Act ("TDCA") or otherwise. Defendant further denies the allegations contained in Paragraph 1 of the Complaint to the extent that the allegations contend that Defendant is responsible, in whole or part, for Plaintiff's claimed damages, if any. The remaining allegations contained in Paragraph 1 of the Complaint require no response from Defendant. However, if a response is required, Defendant denies same.

## JURISDICTON AND VENUE

2. Defendant does not contest the allegations contained in Paragraph 2 of the Complaint as to jurisdiction.

3. Defendant does not contest the allegations contained in Paragraph 3 of the Complaint as to venue.

## PARTIES

4. Based on current information and belief, Defendant admits that Plaintiff is a natural person over the age of eighteen. The remaining allegations contained in Paragraph 4 of the Complaint state a legal conclusion to which no response is required.

5. Defendant generally admits the allegations in Paragraph 5 of the Complaint.

6. Defendant admits that it is in the business of providing debt collection services. The remaining allegations contained in Paragraph 6 state a legal conclusion to which no response is required.

7. Defendant admits that it is in the business of providing debt collection services and that it has employees who participate in providing debt collection services. Defendant denies the remaining allegations in Paragraph 7 of the Complaint.

## FACTS SUPPORTING CAUSE OF ACTION

8. As the allegations in Paragraph 9 of the Complaint concern Plaintiff's alleged activities, interests, and communications with a third party in March 2020, Defendant lacks sufficient information to admit or deny the allegations.

9. As the allegations in Paragraph 9 of the Complaint concern Plaintiff's alleged communications and interactions with a third party and her alleged decision with respect to selecting an apartment, Defendant lacks sufficient information to admit or deny the allegations.

10. As the allegations in Paragraph 10 of the Complaint purports to identify the date that Plaintiff allegedly discovered that an alleged debt owed by her was being credit reported, Defendant lacks sufficient information to admit or deny the allegations.

11. As the allegations in Paragraph 11 of the Complaint purports to describe Plaintiff's thoughts and/or state of mind upon discovering that an alleged debt owed by her was being credit reported, Defendant lacks sufficient information to admit or deny the allegations.

12. As the allegations in Paragraph 12 of the Complaint concern Plaintiff's alleged attempts to communication with a third party, Defendant lacks sufficient information to admit or deny the allegations.

13. Defendant admits that it received more than one call from Plaintiff concerning an alleged debt owed by her.  Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 13 of the Complaint

14. Defendant generally admits that it received more than one call from Plaintiff concerning her debt and that Plaintiff claimed that she did not owe the debt during one or more of these calls.  Defendant also generally admits that during one or more of these calls, it advised Plaintiff to file a fraud form if she believed that she did not owe the debt.  Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 14 of the Complaint

15. Defendant generally admits that it received more than one call from Plaintiff concerning her debt.  However, as the remaining allegations in Paragraph 15 of the Complaint purports to describe Plaintiff's thoughts or state of mind regarding an alleged prior call with Defendant, Defendant lacks sufficient information to admit or deny the allegations.

16. Defendant admits that it received more than one call from Plaintiff concerning her debt and that during these calls, Defendant verified Plaintiff's personal information prior to discussing the debt with her. Defendant also generally admits that it received more than one call from Plaintiff concerning her debt and that Plaintiff claimed that she did not owe the debt during one or more of these calls. Defendant denies any remaining allegations in Paragraph 16 of the Complaint

17. Defendant generally admits that it received more than one call from Plaintiff concerning her debt and that that during one or more of these calls, it advised Plaintiff to file a fraud form if she believed that she did not owe the debt. Defendant denies any remaining allegations in Paragraph 17 of the Complaint

18. Defendant disputes the characterization of the substance of the call(s) with Defendant as referenced in Paragraph 18 of the Complaint and, therefore, denies same as alleged.

19. As the allegations in Paragraph 19 of the Complaint purports to describe Plaintiff's thoughts or state of mind upon regarding the alleged debt and decision to pay or not pay the alleged debt, Defendant lacks sufficient information to admit or deny the allegations.

20. Defendant denies the allegations in Paragraph 20 of the Complaint to the extent Plaintiff alleges that Defendant violated FDCPA, the TDCA, or otherwise engaged in any actionable or unlawful conduct. Defendant also denies the allegations in Paragraph 20 of the Complaint to the extent that Plaintiff contends that Defendant caused or contributed to Plaintiff any distress or reputational harm. Further, as there has been no evidence proffered to show that Plaintiff suffered any distress or reputational or other concrete harm, Defendant denies these allegations.

21. Defendant denies the allegations in Paragraph 21 of the Complaint.

22. Defendant denies the allegations in Paragraph 22 of the Complaint to the extent Plaintiff alleges that Defendant violated FDCPA, the TDCA, or otherwise engaged in any actionable or unlawful conduct. Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 22 of the Complaint.

### COUNT 1 – DEFENDANT'S VIOLATIONS FO THE FAIR DEBT COLLECTION PRACTICES ACT

23. Paragraph 23 of the Complaint requires no response from Defendant. However, Defendant realleges its prior responses to Plaintiff's preceding allegations.

24. Paragraph 24 of the Complaint states a legal conclusion to which no response is required.

25. Paragraph 25 of the Complaint states a legal conclusion to which no response is required.

26. Paragraph 26 of the Complaint states a legal conclusion to which no response is required.

27. Paragraph 27 of the Complaint states a legal conclusion to which no response is required.

28. Paragraph 28 of the Complaint states a legal conclusion to which no response is required.

29. Defendant denies the allegations in Paragraph 29 of the Complaint.

    a. **Violations of FDCPA §1692e**

30. Defendant denies the allegations in Paragraph 30 of the Complaint.

31. Defendant denies the allegations in Paragraph 31 of the Complaint.

32. Defendant denies the allegations in Paragraph 32 of the Complaint.

33. Defendant denies the allegations in Paragraph 33 of the Complaint.

34. Defendant denies the allegations in Paragraph 34 of the Complaint.

### b. Violations of FDCPA §1692f

35. Defendant denies the allegations in Paragraph 35 of the Complaint.

36. Defendant denies the allegations in Paragraph 36 of the Complaint.

37. Defendant denies the allegations in Paragraph 37 of the Complaint.

38. Defendant denies the allegations in Paragraph 38 of the Complaint.

## PRAYER FOR RELIEF

Defendant states that no answer is required to Plaintiff's prayer for relief. However, if a response is required, Defendant denies the allegations in the prayer for relief and Paragraphs a-d contained therein and denies that Plaintiff has any basis for obtaining any relief from Defendant, as requested in his Complaint or otherwise.

## COUNT II.  VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

39. Paragraph 39 of the Complaint requires no response from Defendant.  However, Defendant realleges its prior responses to Plaintiff's preceding allegations.

40. Paragraph 40 of the Complaint states a legal conclusion to which no response is required.

41. Paragraph 41 of the Complaint states a legal conclusion to which no response is required.

42. Paragraph 42 of the Complaint states a legal conclusion to which no response is required.

### a. Violations of TDCA §391.304

43. Paragraph 43 of the Complaint states a legal conclusion to which no response is required.

44. Defendant denies the allegations in Paragraph 44 of the Complaint.

45. Defendant currently lacks sufficient information to admit or deny the allegations in Paragraph 45 of the Complaint.

46. Defendant denies the allegations in Paragraph 46 of the Complaint.

47. Defendant denies the allegations in Paragraph 47 of the Complaint.

## PRAYER FOR RELEIF

Defendant states that no answer is required to Plaintiff's prayer for relief. However, if a response is required, Defendant denies the allegations in the prayer for relief and Paragraphs a-f contained therein and denies that Plaintiff has any basis for obtaining any relief from Defendant, as requested in his Complaint or otherwise.

## AFFIRMATIVE DEFENSES

Defendant alleges and asserts the following affirmative and other defenses in answer to the allegations to the complaint, undertaking the burden of proof only as to those defenses deemed affirmatively defenses by law, regardless of how the defenses are denominated below.

1. Plaintiffs cannot establish any concrete injury related to Defendant's alleged conduct sufficient to establish Article III standing.

2. Plaintiff's Complaint, and each cause of action contained therein, fails to state facts sufficient to constitute a valid cause of action against Defendant.

3. Additionally, and/or alternatively, Defendant asserts that the causes of action alleged in Plaintiff's Complaint are barred, in whole or in part, by the doctrines of estoppel, waiver, laches, unclean hands, and other equitable doctrines.

4. Additionally, and/or alternatively, Defendant asserts that it did not engage in any actionable conduct under the FDCPA, and/or the TDCA and clearly did not engage in any conduct that was unconscionable, outrageous, intentional, and malicious or done with reckless disregard

with respect to Plaintiff.  Defendant also alleges that it never engaged in any knowing, willful, or fraudulent conduct with respect to Plaintiff.

5. Additionally, and/or alternatively, Plaintiff's damages, if any, are a result of his failure to take reasonable steps to mitigate his alleged damages.  Accordingly, Plaintiff is not entitled to recover any damages, or any recovery awarded should be reduced by the amount of damages, which reasonably could have been avoided.

6. Additionally, and/or alternatively, the Complaint, and each cause of action alleged herein against Defendant, is barred because Defendant was privileged and justified, by statute and by common law, in making the alleged statements and representations, if any, including but not limited to statutes 15 U.S.C. § 1692k(c).

7. Additionally, and/or alternatively, assuming arguendo that this Defendant violated any provision of the FDCPA or TDCA as alleged in the Complaint, which presupposition Defendant vehemently denies, such violation was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. 15 U.S.C. § 1692k(c); Tex. Fin. Code Ann. § 392.401 (West 2016).

8. Additionally, and/or alternatively, Defendant and its agents, if any, always acted reasonably and in good faith material herein, based on all relevant facts and circumstances known by them at the time they so acted; Defendant asserts that it acted lawfully and within its legal rights, with a good faith belief in the exercise of those rights, and in the furtherance of legitimate business purpose.  Further, Defendant acted in good faith in the honest belief that the acts, conduct and communications, if any, of Defendant were justified under the circumstances based on information reasonably available to this answering Defendant, including reliance on information provided by the creditor. Accordingly, Plaintiff is barred from any recovery in this action.

9. Assuming arguendo that this Defendant violated a statute alleged in the Complaint, which presupposition Defendant denies, such violation was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. 15 U.S.C. § 1692k(c).

10. Defendant and its agents, if any, always acted reasonably and in good faith material herein, based on all relevant facts and circumstances known by them at the time they so acted; Defendant asserts that it acted lawfully and within its legal rights, with a good faith belief in the exercise of those rights, and in the furtherance of legitimate business purpose. Further, Defendant acted in good faith in the honest belief that the acts, conduct and communications, if any, of Defendant were justified under the circumstances based on information reasonably available to this answering Defendant, including reliance on information provided by the creditor. Accordingly, Plaintiff is barred from any recovery in this action.

11. Defendant would show that Plaintiff's damages, if any, were not caused by Defendant, but were caused, in whole or in part, by the acts and/or omissions of Plaintiff, third parties, instrumentalities, and/or other factors over whom/which Defendant had no right of control and for whom/which Defendant is and was not responsible. To the extent that Plaintiff suffered any damages as a result of such parties or instrumentalities, such conduct was the intervening and superseding cause of any such damages, which conduct breaks the causal chain between Defendant and the event sued upon.

12. Additionally, and/or alternatively, any damages that Plaintiff may recover against Defendant in this Action must be offset against all amounts owed to Defendant.

13. Additionally, and/or alternatively, Defendant substantially complied with the statute(s) at issue.

14. Additionally, and/or alternatively, Plaintiff suffered no damages or injury.

15. To the extent that the basis of Plaintiff's primarily legal claims are proven to be false, Defendant asserts that it would be entitled to an award of attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## RESERVATION OF RIGHTS

Defendant reserves the right to amend its answer and claims herein by adding additional parties, affirmative defenses, counterclaims, cross-claims, and/or third party claims, as additional investigation, discovery or circumstances warrant.

## DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, Defendant prays as follows:

1. That Plaintiff takes nothing by the Complaint.

2. That the Complaint be dismissed with prejudice; and

3. That judgment be entered in favor of Defendant, and against Plaintiff, on all counts in which claims have been asserted against Defendant, for its attorneys' fees and costs incurred herein, and for such further relief as the court deems just and equitable.

Respectfully submitted,

By: /s/ Lee H. Staley
    Lee H. Staley
    Attorney-In-Charge
    State Bar No. 24027883
    Federal Bar No. 30072
    lstaley@serpejones.com

**ATTORNEYS FOR DEFENDANT
I.Q. DATA INTERNATIONAL, INC.**

**COUNSEL:**
SERPE ANDREWS, PLLC
2929 Allen Parkway, Suite 1600
Houston, Texas 77019
Telephone: 713.452.4400

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true and correct copy of the foregoing instrument has been duly and properly served upon all counsel herein in accordance with the Texas Rules of Civil Procedure, on this the 9th day of March 2022.

Marwan R. Daher  
Sulaiman Law Group, Ltd.  
2500 S. Highland Ave. Suite 200  
Lombard, IL 60148  
(630) 575-8181  
mdaher@sulaimanlaw.com

                                */s/ Lee H. Staley*  
                                Lee H. Staley