IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DENYONNA N. REED, | § § | |
| *Plaintiff,* | § § § | SA-22-CV-00068-FB |
| vs. | § § | |
| I.Q. DATA INTERNATIONAL, INC., | § § § | |
| *Defendant.* | § | |

### ORDER SETTING INITIAL PRETRIAL CONFERENCE

Before the Court is the above-styled and numbered cause of action, which was referred to the undersigned on March 10, 2022, for all pretrial proceedings [#12]. The record reflects that Defendant has filed an answer to Plaintiff's Complaint, and the District Court has ordered the parties to file their proposed scheduling recommendations on or before **May 9, 2022**.

**IT IS THEREFORE ORDERED** that, pursuant to Rule 16 of the Federal Rules of Civil Procedure, this case is **set** for an **Initial Pretrial Conference** at **10:00 a.m.** on **June 7, 2022**. Counsel for all parties are **required to appear by Zoom** for the conference. The information to join the conference is as follows:

Join ZoomGov Meeting:  https://txwd-uscourts.zoomgov.com/j/16126729723

Meeting ID: 161 2672 9723

If there are questions regarding the Zoom appearance, the parties should contact Valeria Sandoval, Courtroom Deputy, at txwdml_chambers_sa_judgechestney@txwd.uscourts.gov.

Because earlier hearings in other cases may be in progress at the time attorneys log-in for their scheduled hearing, attorneys may be required to wait in the Zoom "waiting room" until the Courtroom Deputy addresses them. Parties should review the July 15, 2020 Standing Order

Regarding Telephone or Video Teleconference Hearings, which is available upon request from the Courtroom Deputy and on the Court's website.

**IT IS FURTHER ORDERED** that the parties confer in the manner required by Rule 26 of the Federal Rules of Civil Procedure; further, pursuant to Local Rule CV-16 the parties should submit their Joint Discovery/Case Management Plan in a form that substantially conforms with Appendix N of the Local Rules and that answers the following questions no later than **May 9, 2022**.

1. Are there any outstanding jurisdictional issues? For removed cases based on diversity jurisdiction, do the parties agree that the amount in controversy exceeded $75,000 at the time of removal? If not, each party should state its position on the amount in controversy.
2. Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?
3. What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?
4. Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?
5. State the parties' views and proposals on all items identified in Fed. R. Civ. P. 26(f)(3).
6. What, if any, discovery has been completed? What discovery remains to be done? Have the parties considered conducting discovery in phases?
7. What, if any, discovery disputes exist?
8. Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?
9. Have the parties discussed mediation?

During their conference, the parties should also address whether a protective order is required, and whether the protective order in Appendix H-1 (to govern standard cases) or Appendix H-2 (to govern complex cases) of this Court's Local Rules is appropriate.  The Court will address the substance of the parties' joint report and discovery plan at the Initial Pretrial Conference.

**IT IS FURTHER ORDERED** that the parties submit a **proposed scheduling order** as directed by the District Court in its Order dated March 10, 2022 [#10], on or before **May 9, 2022**.  The Court will discuss with the parties any proposed changes to the Court's standard scheduling order based on the unique circumstances of this case at the Initial Pretrial Conference.

**IT IS SO ORDERED.**

SIGNED this 22nd day of March, 2022.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE