UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DENYONNA N. REED,<br><br>   Plaintiff,<br><br>v.<br><br>I.Q. DATA INTERNATIONAL, INC.,<br><br>   Defendant. | Case No.: 5:22-cv-00068-FB-ESC |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
AND PROPOSED SCHEDULING ORDER**

Pursuant to Fed. R. Civ. P. 26(f) and the Court's March 10 March, 2022 Orders, Plaintiff's Counsel Mohammed O. Badwan and Defendant's Counsel Lee H. Staley conferred, and jointly submit the following Joint Federal Rule of Civil Procedure 26 Report and Proposed Scheduling Order:

**1.     What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?**

**Plaintiff**: Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 *et seq*. and the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Ann. §392 *et. seq.* Plaintiff alleges that Defendant violated the FDCPA and TDCA by attempting to collect a debt from Plaintiff that was not owed. Specifically, Plaintiff alleges that Defendant attempted to collect a debt arising from an apartment lease that Plaintiff never entered into. Plaintiff further alleges that Defendant violated §1692e(8) of the FDCPA by credit reporting the same alleged debt. In order to prevail on her FDCPA and TDCA claims, Plaintiff must establish that (1) the underlying debt is a "consumer" debt as defined by the FDCPA and TDCA; (2)

Defendant attempted to collect a debt that was not owed; and (3) Defendant credit reported the alleged debt.

**Defendant:** Defendant denies the allegations contained in Plaintiff's Complaint that Defendant committed or engaged in unlawful conduct under the Fair Debt Collection Practices Act ("FDCPA"), the Texas Debt Collection Act ("TDCA") or otherwise. Defendant acted in good faith in the honest belief that the acts, conduct and communications, of Defendant were justified under the circumstances based on information reasonably available to Defendant, including reliance on information provided by the creditor. Specifically, based on information and belief, Plaintiff visited the apartment complex owned by the alleged creditor on February 22, 2020; completed a rental application, was approved by the alleged creditor to lease a unit at the apartment complex, signed a lease with the alleged creditor to rent the until; later cancelled the lease; and the alleged creditor rented the apartment unit to another tenant, which caused Plaintiff's and the tenant's name to be included in the alleged creditor's account record that was sent to Defendant for collection. Also, it appears that after Defendant was informed by the alleged creditor that Plaintiff had cancelled the lease she signed, and that another tenant was responsible for the account and debt, the credit reporting for Plaintiff was deleted. Accordingly, Plaintiff is barred from any recovery in this action. Additionally, the Complaint, and each cause of action alleged herein against Defendant, is barred because Defendant was privileged and justified, by statute and by common law, in making the alleged statements and representations, if any, including but not limited to statutes 15 U.S.C. § 1692k(c). Moreover, Plaintiff's claims must be dismissed because Plaintiff cannot establish any concrete injury related to Defendant's alleged conduct sufficient to establish Article III standing. *TransUnion LLC v. Ramirez* 141 S. Ct. 2190, 2203-2205 (2021); *Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016).*

2. **Are there any outstanding jurisdictional issues?** None.

3. **Are there any unserved parties?** None.

4. **Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?** The Parties agree that Defendant attempted to collect a debt from Plaintiff. The Parties also agree that Plaintiff does not owe the subject debt and that the credit reporting on the subject debt has been deleted. The Parties disagree as to whether Defendant's conduct violated the FDCPA or the TDCA.

5. **Are there any legal issues in this case that can be narrowed by agreement or by motion?** None at this time.

6. **Are there any issues about preservation of discoverable information?** None.

7. **Are there any issues about disclosure or discovery of electronically stored information? In what forms should electronically-stored information be produced and will production include metadata?** Parties do not anticipate any ESI issues and have agreed to produce ESI in .pdf format.

8. **What are the subject on which discovery may be need needed?** (1) Whether Plaintiff entered into the apartment lease that gives rise to the debt Defendant attempted to collect from Plaintiff; (2) whether Defendant deleted the credit reporting regarding the alleged debt; whether Defendant acted in good faith in the honest belief that it was justified in relying on the information provided by the creditor; (4) whether Plaintiff sustained any concrete damages; and Plaintiff's damages, if any.

9. **Have initial disclosures been made? If not, should any changes be made in the timing, form, or requirement for initial disclosures?** The Parties have not exchanged initial disclosures but have agreed to exchange the same on or before June 21, 2022.

10. **What, if any, discovery has been completed? What discovery remains to be done and when should it be completed? Have the parties considered conducting discovery in phases or agreeing to limit discovery?** No discovery has been completed to date. The Parties will be conducting written and oral discovery. The Parties do not believe any discovery limitations would be appropriate.

11. **What, if any, discovery disputes exist?** None.

12. **Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?** The Parties will confer regarding the filing a proposed order.

13. **Have the parties discussed early mediation?** The Parties believe that mediation would be appropriate after the completion of written discovery.

14. **Have the parties considered seeking entry of a confidentiality and protective order and are there any other scheduling or discovery items requiring the court's attention?** Defendant will be seeking a protective order before producing any documents that contains confidential and/or proprietary information. There are no scheduling or discovery items requiring the Court's attention.

## PROPOSED SCHEDULING ORDER

1. The parties shall complete ADR in compliance with Local Rule CV-88 by **September 30, 2022**.

2. Plaintiff shall submit a written offer of settlement to Defendant by **June 9, 2022** and Defendant shall respond by **June 23, 2022**.

3. Parties shall file all motions to amend or supplement pleadings or to join additional parties by **July 9, 2022**.

4. Plaintiff shall file her testifying expert designation and serve on Defendant the materials required by Fed. R. Civ. P. 26 by **June 6, 2022**. Defendant shall file its testifying expert designation and serve on Plaintiff the materials required by Fed. R. Civ. P. 26 by **July 6, 2022**. All designations of rebuttal experts shall be filed within 14 days of receipt of the report of the opposing expert.

5. An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, within 30 days of receipt of the written report of the expert's proposed testimony, or within 30 days of the expert's deposition, if a deposition is taken, whichever is later.

6. The parties shall complete discovery by **September 9, 2022**. Counsel may by agreement continue discovery beyond the deadline, but there will be no intervention by the Court except in extraordinary circumstances, and no trial setting will be vacated because of information obtained in post-deadline discovery.

7. All dispositive motions shall be filed **October 9, 2022**. Dispositive motions and responses to dispositive motions shall be limited to 20 pages in length.

8. This case will not be set for trial until after dispositive motions, if any, have been ruled on. The Court will set a trial date and also set a deadline for the parties to file the matters required to be filed in advance of trial in accordance with Local Rule CV-16. However, the parties should be aware that if they choose to stay on this district court's docket (and do not consent to proceed to trial before a United States Magistrate Judge), from time to time the Court has three or four day blocks of time available and will not hesitate to accelerate the Scheduling Order deadlines and direct the parties to appear for trial with as little as forty-eight hours' notice.

Dated: May 9, 2022.

*/s/ Mohammed O. Badwan*
Mohammed O. Badwan, Esq.
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
(630) 575-8180
mbadwan@sulaimanlaw.com
*Attorney for Plaintiff*

Respectfully submitted,

*/s Lee H. Staley*
Lee H. Staley, Esq.
SERPE ANDREWS, PLLC
2929 Allen Parkway
Suite 1600
Houston, TX 77019
(713) 452-4400
lstaley@serpejones.com
*Attorney for Defendant*

## **CERTIFICATE OF SERVICE**

I, Mohammed O. Badwan, an attorney, certify that on May 9, 2022, the foregoing document was filed electronically using the Court's CM/ECF system, which will accomplish service on all counsel of record.

/s/ *Mohammed O. Badwan*