UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DENYONNA N. REED | § | CIVIL ACTION |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | COMPLAINT 5:22-cv-00068 |
| | § | |
| I.Q. DATA INTERNATIONAL, INC. | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT I.Q. DATA INTERNATIONAL, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO DEFER CONSIDERATION OF DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT**

Defendant IQ Data International, Inc. ("Defendant" or "IQ Data") files this Response in Opposition to Plaintiff's Motion to Defer Consideration of Defendant's Motions for Summary Judgment, and in support thereof would respectfully show the Court as follows:

**I.
SUMMARY OF ARGUMENT**

Plaintiff brought this action alleging violations of the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.*, and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq*. On November 17, 2022, IQ Data filed two motions for summary judgment: (1) IQ Data's Motion for Summary Judgement under the bona fide error defense pursuant to FDCPA § 1692k(c) and TDCA § 392.401 [Dkt. 24]; and (2) IQ Data's Motion for Summary Judgment on the grounds that Plaintiff cannot establish any concrete injury related to IQ Data's alleged conduct sufficient to establish Article III standing [Dkt. 25] (collectively, "IQ Data's Motions"). On December 1, 2022, Plaintiff filed its Motion to Defer Consideration of Defendant's Motions for Summary Judgment ("Motion to Defer") seeking relief pursuant to Fed. R. Civ. P. 56(d) in order to allow Plaintiff to conduct additional discovery [Dkt. 26]. Specifically, Plaintiff's Motion to Defer requests that the Court (1) defer

its consideration for both of IQ Data's Motions and (2) allow Plaintiff to respond to IQ Data's Motions after it takes IQ Data's deposition. In sum, Plaintiff claims that it cannot effectively respond to IQ Data's Motion for Summary Judgment under the bona fide error defense without first taking Defendant's deposition. Importantly, Plaintiff does **not** allege that it cannot effectively respond to IQ Data's Motion for Summary Judgment under Article III standing. Nevertheless, Plaintiff has requested that the Court grant its Motion to Defer as to **both** of IQ Data's Motions.

The Court should deny Plaintiff's Motion to Defer because (1) Plaintiff has not demonstrated any *exceptional circumstances* permitting the Court to provide relief under Rule 56(d) beyond the discovery deadline; and (2) Plaintiff has not *specifically demonstrated* how the discovery it seeks would allow it to better respond to either of IQ Data's Motions. Accordingly, Plaintiff's Motion to Defer should be denied as to both of IQ Data's Motions.

## II.
## RELEVANT BACKGROUND

1. On January 26, 2022, Plaintiff filed this lawsuit claiming that IQ Data violated the FDCPA § 1692 *et seq.* and TDCA § 392 *et seq.* [Dkt. 1]. The Court issued an Advisory Order on March 10, 2022, concerning the Court's expectations as to the parties' conduct during discovery which provides that "[t]here will be no Rambo tactics or other forms of elementary school behavior. Simply put: Do not play games." [Dkt. 11 at ¶ 2].

2. On June 7, the Court entered a Scheduling Order requiring the parties to complete discovery by September 9, 2022 [Dkt. 17 at ¶ 5]. The Scheduling Order permits the parties to conduct discovery beyond the discovery deadline by agreement, but states that "**there will be no intervention by the Court except in exceptional circumstances**." *Id.*

3. On August 1, 2022, both parties served their discovery requests making each parties' responses due on August 31, 2022.[1] IQ Data's discovery requests consisted of 10 interrogatories and 11 requests for production. Plaintiff also served a notice of deposition to IQ Data for September 7, 2022.[2] Although the parties had no prior discussions as to the setting of this deposition, IQ Data did not object to this date.

4. On August 31, 2022, the deadline for both parties to serve their discovery responses, Plaintiff requested a **two-week extension** to serve its discovery responses making them due by September 14, 2022.[3] IQ Data agreed to Plaintiff's request on the conditions that (1) both parties' discovery responses would be due on September 14, 2022, and (2) IQ Data's deposition would be rescheduled to take place after Plaintiff served its responses to IQ Data's limited discovery requests.[4]

5. On September 14, 2022, Plaintiff requested a **second 2-week extension** to serve its discovery responses making them due by September 28, 2022.[5] IQ Data agreed to Plaintiff's second request on the condition that it would not be serving its responses until that same day.[6] Both parties served their discovery responses on September 28, 2022.

6. On October 11, 2022, Plaintiff served a notice of deposition to IQ Data for November 8, 2022.[7] However, IQ Data had not previously indicated that it was available on this date. On October 21, 2022, IQ Data advised Plaintiff that it was not available for deposition on November 8, 2022, but that it would be available in December/early January.[8]

---

[1] *See* August 2022 correspondences, attached hereto as **Exhibit A**, at pp. 1-2.
[2] *Id.*
[3] *Id.* at p. 2.
[4] *Id.* at pp. 2-3.
[5] *See* September 2022 correspondences, attached hereto as **Exhibit B**, at p. 1.
[6] *Id.* at p. 2.
[7] *See* October 2022 correspondences, attached hereto as **Exhibit C**, at p. 1.
[8] *Id.* at p. 2.

7. On October 23, 2022, Plaintiff emailed IQ Data demanding that it needed to take IQ Data's deposition prior to mediation which was scheduled for November 21, 2022.[9] On October 26, 2022, at 8:35 a.m., IQ Data provided Plaintiff with its availability for deposition which included six dates that were before the November 21, 2022 mediation pursuant to Plaintiff's request.[10]

8. On October 26, 2022, at 1:49 p.m., IQ Data informed Plaintiff, on its own initiative in accordance with Fed. R. Civ. P. 26(e), that it would be supplementing some of its discovery responses and producing some of its policies and procedures.[11] IQ Data also stated that this was contingent on the parties signing a Confidentiality and Protective Order.[12]

9. On October 27, 2022, the parties scheduled IQ Data's deposition for November 14, 2022, and Plaintiff issued a notice of deposition for that date.[13] Notably, this was the first notice of deposition that Plaintiff issued after the parties mutually agreed on a date and time for IQ Data's deposition.

10. On November 9, 2022, Plaintiff canceled IQ Data's November 14, 2022 deposition reasoning that IQ Data's supplemental discovery responses were still outstanding since the Court had not yet entered the Confidentiality and Protective Order.[14] However, IQ Data notified Plaintiff on October, 26, 2022—the day before the parties scheduled the November 14, 2022 deposition—that it would be supplementing discovery and at no point did Plaintiff request that IQ Data's supplemental responses needed to be served before this deposition. Plaintiff also canceled this deposition despite (1) its previous demand that the deposition take place before the November 21, 2022 mediation and (2) the approaching December 9, 2022 dispositive motion deadline.

---

[9] *Id.* at p. 3.
[10] *Id.* at p. 5.
[11] *Id.* at p. 4.
[12] *Id.* at p. 5.
[13] *Id.*
[14] *See* November 2022 correspondences, attached hereto as **Exhibit D**, at p. 1.

11.   On November 16, 2022, at 12:43 p.m., IQ Data contacted the Court's Deputy regarding the status of when the Confidentiality and Protective Order would be entered.[15] Shortly after 1:00 p.m., the Court entered the Confidentiality and Protective Order [Dkt. 23].[16]

12.   On November 17, 2022, at 8:33 a.m., IQ Data served its supplemental discovery responses to Plaintiff.[17] At approximately 7:15 p.m., IQ Data filed its Motions for Summary Judgment [Dkt. 24-25].

13.   On November 21, 2022, at 3:08 p.m.—only two business days after IQ Data's Motions were filed—Plaintiff e-mailed IQ Data claiming that a variety of IQ Data's responses were insufficient and threatened to file a motion to compel.[18] Notably, Plaintiff did not allege that any of IQ Data's supplemental responses (*i.e.*, IQ Data's responses/documents relating to its policies and procedures) were insufficient. Rather, Plaintiff claimed—for the first time during this litigation—that a variety of other responses were insufficient despite IQ Data having served its initial discovery responses months prior.[19] Plaintiff also issued a notice of deposition to IQ Data for December 12, 2022.[20] At 5:27 p.m., IQ Data notified Plaintiff that it was not available on December 12, 2022, but that it would provide a list of available dates in January of 2023.[21] IQ Data also stated that it was standing on its objections.[22]

14.   On November 22, 2022, Plaintiff contacted IQ Data claiming that it could not respond to IQ Data's Motion for Summary Judgment under the bona fide error defense without first taking IQ Data's deposition and that it would be filing a motion pursuant to Fed. R. Civ. P. 56(d) to defer the summary judgment briefing until after the deposition takes place.[23] Plaintiff also threatened to seek sanctions and

---

[15] *Id.* at p. 2.
[16] *Id.*
[17] *Id.* at p. 3.
[18] *Id.* at p. 4.
[19] *Id.*
[20] *Id.*
[21] *Id.* at p. 5.
[22] *Id.*
[23] *Id.* at 6.

fees under Fed. R. Civ. P. 56(h) claiming that "the declaration attached to the [bona fide error] motion for summary judgment was filed in bad faith."[24] Additionally, Plaintiff threatened to file a motion to compel for which it would also be seeking its fees claiming that IQ Data was "withholding objectively relevant documents/information."[25]

15.     On November 23, IQ Data informed Plaintiff that it would be opposing the deferral of its summary judgment motions as the dispositive motion deadline is December 9, 2022, and that this was a deadline that the Court previously extended.[26] IQ Data also advised Plaintiff that the deadline to seek court intervention over a discovery dispute was September 9, 2022.[27]

16.     On December 1, 2022, Plaintiff filed its Motion to Defer seeking relief pursuant to Fed. R. Civ. P. 56(d) requesting the Court to (1) defer its consideration for both of IQ Data's Motions and (2) allow Plaintiff to respond to IQ Data's Motions after it takes IQ Data's deposition [Dkt. 26].

17.     On December 5 2022, IQ Data notified Plaintiff that it was available for its deposition on December 21 and 22 of 2022, and January 9, 10, 12, 16, 20, and 24 of 2023.[28] On December 6, 2022, Plaintiff requested that IQ Data's deposition take place January 24, 2023, and Plaintiff issued a notice of deposition for that date.

### III.
### ARGUMENTS & AUTHORITIES

**A.    Plaintiff has not demonstrated any *exceptional circumstances* permitting the Court to provide relief under Rule 56(d) after the discovery deadline.**

Pursuant to Local Rule CV-16(e) and this Court's Scheduling Order, *exceptional circumstances* are required for the Court to grant Plaintiff's Motion to Defer Consideration beyond the discovery deadline. Local Rule CV-16(e) provides in part that "[a]bsent exceptional circumstances, no motions

---

[24] *Id.*
[25] *Id.*
[26] *Id.* at 7.
[27] *Id.*
[28] See December 2022 correspondences, attached hereto as **Exhibit E**, at p. 1.

6

relating to discovery…shall be filed after the expiration of the discovery deadline, unless they are filed within 14 days after the discovery deadline and pertain to conduct occurring during the final 7 days of discovery."[29] This includes motions for relief pursuant to Fed. R. Civ. P. 56(d).[30] Moreover, the Scheduling Order provides that "Counsel may by agreement continue discovery beyond the deadline, but there will be no intervention by the Court except in exceptional circumstances…" [Dkt. 17 at ¶ 5].

Here, the discovery deadline expired on September 9, 2022, and Plaintiff has not demonstrated any exceptional circumstances permitting the Court to provide relief under Rule 56(d). Plaintiff claims that it "cannot effectively respond to the Motion for Summary Judgment on the bona fide error defense without first taking Defendant's deposition" and that "Defendant has yet to produce a witness for its deposition despite Plaintiff's repeated efforts to complete Defendant's deposition." [Dkt. 26 at ¶¶ 29, 35, 39]. However, Plaintiff has had multiple opportunities to take IQ Data's deposition, but it has not yet occurred due to Plaintiff's own discovery delays. Plaintiff did not make an effort to schedule IQ Data's deposition until August 1, 2022—roughly one month before the discovery deadline—when Plaintiff unilaterally noticed IQ Data without making any prior attempt to find a mutually convenient date.[31] IQ Data's September 7, 2022 deposition was canceled when Plaintiff requested a two-week deadline extension to serve its responses to IQ Data's limited discovery requests. Additionally, Plaintiff canceled IQ Data's November 14, 2022 deposition just five days before it was scheduled despite (1) Plaintiff's

---

[29] *See* Local Rule CV-16(e) (emphasis added).
[30] *See e.g., Shipp v. Charter Communications, Inc.*, No. A-18-CV-00760-LY, 2019 WL 5265294, at *2 (W.D. Tex. Oct. 17, 2019) (denying as moot plaintiff's motion for relief pursuant to Fed. R. Civ. P. 56(d) seeking additional time to conduct discovery when Local Rule CV-16 and the scheduling order clearly stated that there would be no Court intervention after the discovery deadline set by the Court except in extraordinary circumstances).
[31] *See i.e., B.K. by & through K.K. v. St. Catherine of Siena Sch.*, No. CV 21-1339, 2022 WL 3027838, at *3 (E.D. La. Aug. 1, 2022) (acknowledging that "it is unprofessional to unilaterally set the deposition of a party represented by counsel without making any prior attempt to find a mutually convenient date."); *see also Chavez v. Arancedo*, No. 17-20003-CIV, 2017 WL 3025841, at *3 (S.D. Fla. July 17, 2017) ("[t]he unilateral setting of depositions…leads to the filing of unnecessary motions" and "[s]uch motions are a waste of the parties' time and money, as well as a waste of scare judicial resources.").

previous demand that the deposition take place before the November 21, 2022 mediation and (2) the approaching December 9, 2022 dispositive motion deadline.

As shown above, there are no exceptional circumstances that have prohibited Plaintiff from taking IQ Data's deposition. Plaintiff has been afforded with multiple opportunities to depose IQ Data, and the deposition has not yet occurred due to Plaintiff's delays in discovery. In fact, Plaintiff's delays preclude her from being provided the relief she has requested because a party who "has not diligently pursued discovery…is not entitled to relief under Rule 56(d).[32] Accordingly, there are no exceptional circumstances permitting the Court to provide Plaintiff the relief it seeks under Rule 56(d) after the discovery deadline, and thus, Plaintiff's Motion to Defer should be denied.

**B.     Plaintiff has not *specifically demonstrated* how the discovery it seeks would allow it to better respond to either IQ Data's Motions for Summary Judgment.**

Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to a motion for summary judgment], the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."[33] "Rule 56(d) offers relief where the nonmovant has not had a full opportunity to conduct—not to complete—discovery. The two concepts are distinct."[34]

The party seeking relief under Rule 56(d) "must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion."[35] "It is not sufficient for a summary judgment nonmovant to allege that discovery is incomplete or that

---

[32] *Beattie v. Madison Cnty. Sch. Dist.*, 254 F.3d 595, 606 (5th Cir. 2001).
[33] Fed. R. Civ. P. 56(d).
[34] *Teal v. Fed. Express Corp.*, No. 3:16-CV-2161-D, 2019 WL 180674, at *4 (N.D. Tex. Jan. 14, 2019) (citing *McCarty v. United States*, 929 F.2d 1085, 1088 (5th Cir. 1991) (per curiam)).
[35] *Rodriguez v. Bexar Cnty. Hosp. Dist.*, No. CV SA-14-CA-861-OG, 2015 WL 7760209, at *20 (W.D. Tex. Nov. 30, 2015) (quoting *CB. Trucking, Inc. v. Waste Mgmt. Inc.*, 137 F.3d 41, 44 (1st Cir. 1998)).

discovery will produce needed but unspecified facts."[36] "The party must demonstrate how the additional time will enable it to rebut the movant's allegations of no genuine issue of fact."[37] "A nonmovant is not entitled to a continuance if she fails to explain what discovery it did have, why it was inadequate, and what she expected to learn from further discovery and gives only vague assertions of the need for additional discovery."[38] Stated differently, "[i]f it appears that further discovery will not provide evidence creating a genuine issue of material fact, the district court may grant summary judgment."[39]

Here, Plaintiff has not specifically demonstrated how IQ Data's deposition would allow it to better respond to either of IQ Data's Motions. In fact, Plaintiff only claims that it cannot effectively respond to IQ Data's Motion for Summary Judgment under the bona fide error defense "without being afforded the opportunity" to depose IQ Data [Dkt. 26 at ¶ 37]. This does not meet Rule 56(d)'s requirements as it does not provide a plausible basis or explanation as to what information Plaintiff expects to learn from deposing IQ Data's corporate representative and how that information will enable Plaintiff to create a genuine issue of fact in this case.

Plaintiff has not specifically demonstrated how IQ Data's deposition will influence the outcome of the pending summary judgment motions. This is likely due to the fact that IQ Data's deposition is entirely irrelevant to both of IQ Data's Motions. For example, the bona fide error defense requires the defendant to prove that any alleged violation was (1) unintentional; (2) resulted from a bona fide error; and (3) made despite the maintenance of procedures reasonably adapted to avoid that error.[40] As evidence that any violation was unintentional and made in good faith, IQ Data's bona fide error Motion for Summary Judgment establishes that the IQ Data reported a debt on Plaintiff's credit report after the original creditor accidently provided IQ Data with incorrect information which indicated that Plaintiff

---

[36] *Teal*, 2019 WL 180674, at *4 (citing *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990)).
[37] *Id.* (quoting *Washington*, 901 F.2d at 1286 (5th Cir. 1990) (internal quotations omitted).
[38] *Id.* (quoting *Bauer v. Albemarle Corp.*, 169 F.3d 962, 968 (5th Cir. 1999)) (internal quotations and alterations omitted).
[39] *Harris v. Ross Stores, Inc.*, No. 4:17-CV-00237, 2018 WL 1625647, at *4 (E.D. Tex. Apr. 4, 2018) (quoting *Access Telecom, Inc. v. MCI Telecomm. Corp.*, 197 F.3d 694, 720-21 (5th Cir. 1999)).
[40] *See* 15 U.S.C. § 1692k(c); Tex. Fin. Code § 392.401.

was liable for the debt.[41] Moreover, the bona fide error defense revolves almost entirely around a defendant's policies and procedures. In the Western District of Texas, Courts have granted summary judgment under the bona fide error defense to defendants who submitted a sworn affidavit—rather than deposition testimony—evidencing their policies and procedures.[42] Not only does IQ Data's bona fide error Motion for Summary Judgment include a sworn affidavit, but it also includes IQ Data's actual policies and procedures.

Furthermore, IQ Data's Article III standing Motion for Summary Judgment revolves entirely around Plaintiff's damages and whether she suffered any concrete injury related to IQ Data's alleged conduct. Unsurprisingly, Plaintiff has not specifically demonstrated how the deposition of IQ Data's corporate representative would advance her ability to establish her alleged damages in this case.

The Court should deny Plaintiff's Motion to Defer because (1) Plaintiff has not demonstrated any exceptional circumstances permitting the Court to provide relief under Rule 56(d) beyond the discovery deadline; and (2) Plaintiff has not specifically demonstrated how the discovery it seeks would allow it to better respond to either of IQ Data's Motions. Accordingly, Plaintiff's Motion to Defer should be denied as to both of IQ Data's Motions.

## IV.
## PRAYER FOR RELIEF

Defendant I.Q. Data International Inc. prays that upon final hearing, the Court deny Plaintiff's Motion to Defer Consideration of Defendant's Motions for Summary Judgment, and for all other and further relief to which it may be entitled at law or in equity.

Respectfully submitted,

---

[41] *See e.g., Abdollahzadeh v. Mandarich L. Grp., LLP*, 922 F.3d 810, 817 (7th Cir. 2019) (holding that debt collector's FDCPA violation was unintentional when it attempted to collect a time-barred debt after it relied on the incorrect account information provided by its client).

[42] *See e.g., Talamor v. I.C. Sys., Inc.*, No. 1:16-CV-435-DAE, 2017 WL 3712186 (W.D. Tex. Aug. 10, 2017); *see also Perez Alvarez v. Medicredit, Inc.*, No. 5:17-CV-195-DAE, 2018 WL 6430830, (W.D. Tex. Aug. 2, 2018) (granting debt collector's motion for summary judgment under the bona fide error defense when it submitted an employee's affidavit as evidence of its policies and procedures).

**SERPE ANDREWS, PLLC**

By: /s/ Lee H. Staley
    Lee H. Staley
    Attorney-In-Charge
    State Bar No. 24027883
    Federal Bar No. 30072
    lstaley@serpeandrews.com
    Benjamin E. Hamel
    State Bar No. 24103198
    Federal Bar No. 3184927
    bhamel@serpeandrews.com
2929 Allen Parkway, Suite 1600
Houston, Texas 77019
713/452-4400
713/452-4499 fax

**ATTORNEYS FOR DEFENDANT**
**I.Q. DATA INTERNATIONAL, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of December, 2022, a true and correct copy of the above was electronically filed with the court via CM/ECF system and notification of such filing has been sent to the following:

Marwan R. Daher
Mohammed O. Badwan
Alexander Taylor
mbadwan@sulaimanlaw.com
mdaher@sulaimanlaw.com
ataylor@sulaimanlaw.com
Sulaiman Law Group, Ltd.
2500 S. Highland Ave. Suite 200
Lombard, IL 60148
(630) 575-8181
*Attorneys for Plaintiff*

By: /s/ *Lee H. Staley*