IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DENYONNA N. REED, | § § | |
| *Plaintiff,* | § § § | SA-22-CV-00068-FB |
| vs. | § § | |
| I.Q. DATA INTERNATIONAL, INC., | § § § | |
| *Defendant.* | § § | |

# **ORDER**

Before the Court in the above-styled cause of action is Plaintiff's Motion to Defer Consideration of Defendant's Motions for Summary Judgment [#26]. Plaintiff's motion asks the Court to defer ruling on two pending motions for summary judgment pursuant to Rule 56(d) of the Federal Rules of Civil Procedure until after Plaintiff takes Defendant's deposition and has had the opportunity to file responses based on facts obtained at the deposition. Having considered the motion, Defendant's response [#28], the case file, and the law, the Court will deny Plaintiff's motion.

Rule 56(d) allows a court to defer consideration of a motion and allow additional time for discovery where a moving party shows "it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). A party seeking relief under Rule 56(d) "must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Rodriguez v. Bexar Cnty. Hosp. Dist.*, No. CV SA-14-CA-861-OLG, 2015 WL 7760209, at *20 (W.D. Tex. Nov. 30, 2015) (quoting *CB Trucking, Inc. v.*

*Waste Mgmt., Inc.*, 137 F.3d 41, 44 (1st Cir. 1998)). Plaintiff has not satisfied her burden to provide the Court with sufficient information as to why she cannot respond to the motions for summary judgment without taking Defendant's deposition. Plaintiff's motion merely states that she cannot respond to the motion on the bona fide error defense "without being afforded the opportunity" to depose Defendant. This is not sufficient under the governing standard.

More importantly, the discovery deadline expired in this case on September 9, 2022. (Sched. Order [#17].) The Scheduling Order specifically provides that the parties may conduct discovery beyond the discovery deadline by agreement but that "there will be no intervention by the Court except in exceptional circumstances." (*Id.* at ¶ 5.) Additionally, Local Rule CV-16(e) provides that "[a]bsent exceptional circumstances, no motions relating to discovery . . . shall be filed after the expiration of the discovery deadline, unless they are filed within 14 days after the discovery deadline and pertain to conduct occurring during the final 7 days of discovery." Plaintiff has not demonstrated that exceptional circumstances are present warranting the Court's intervention in a motion filed after the discovery deadline long expired.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Defer Consideration of Defendant's Motions for Summary Judgment [#26] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff respond to the pending motions for summary judgment on or before **December 22, 2022**.

SIGNED this 12th day of December, 2022.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE