**EXHIBIT A**

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| DENYONNA N. REED,<br><br>   Plaintiff,<br><br>v.<br><br>I.Q. DATA INTERNATIONAL, INC.,<br><br>   Defendant. | Case No. 5:22-cv-00068 |

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT I.Q. DATA INTERNATIONAL, INC.'S FIRST SET OF WRITTEN DISCOVERY REQUESTS**

Plaintiff, DENYONNA N. REED ("Plaintiff"), by and through her undersigned counsel, hereby submits the following responses and objections to I.Q. DATA INTERNATIONAL, INC.'s First Set of Written Discovery Requests to Plaintiff.

## GENERAL OBJECTIONS

1. In responding to the ROGS, RFPS and RFASs, Plaintiff does not concede that any of the information provided is relevant or material to the subject matter of this litigation or reasonably calculated to lead to the discovery of admissible evidence. Plaintiff reserves the right to object to the admissibility at trial of any of the information produced in response to the ROGS, RFPS and RFASs.

2. Plaintiff objects to any ROGS, RFPS and RFAS to the extent that it purports to impose any obligations upon Plaintiff beyond the obligations imposed by the Federal Rules of Civil Procedure and/or any applicable Local Rules or Court order.

3. Plaintiff objects to the ROGS, RFPS and RFASs, and each and every definition, instruction and request therein, to the extent that the information sought: (a) contains privileged attorney-client communications; (b) constitutes work product; (c) was prepared in anticipation of or in connection with litigation or trial; (d) discloses the mental impressions, conclusion, opinions or legal theories of any attorney for or other representative of Plaintiff; (e) is subject to the common interest or joint defense privileges; or (f) is otherwise privileged or exempt from discovery (collectively, "privileged information"). Plaintiff does not intend to produce any privileged information. Any disclosure of privileged or protected information in response to any of the ROGS, RFPS AND RFASs inadvertent and shall not be deemed a waiver of any applicable privileges or protections.

**EXHIBIT A**

4. Plaintiff's responses made herein are solely for the purpose of this civil action. Each response is subject to any and all objections to competency, relevancy, materiality, propriety and admissibility, and to any and all other objections and grounds that would require the exclusion of any information identified herein if the information was asked of or disclosed by a witness present and testifying in court, all of which objections and grounds are hereby expressly reserved and may be interposed at a later date.

5. Plaintiff objects to the ROGS, RFPS and RFASs on the ground and to the extent that they seek information that is irrelevant or not reasonably calculated to lead to the discovery of admissible evidence.

6. Plaintiff objects to the ROGS, RFPS and RFASs on the ground and to the extent that they seek information that is not in the possession, custody, or control of Plaintiff, and/or that is publicly available and/or more readily obtained from other parties, and/or seek information currently in Respondent's possession, thus making the ROGS, RFPS and RFASs unduly burdensome.

7. Plaintiff objects to the ROGS, RFPS and RFASs on the ground and to the extent that they state a legal conclusion, or assume or appear to assume that any fact or event is true. By responding to any such ROGS, RFPS and RFAS, Plaintiff does not concede the accuracy of any such conclusion or assumption.

8. Plaintiff intends no incidental or implied admissions by its responses to the ROGS, RFPS and RFASs. Whether Plaintiff responds or objects to any particular ROGS, RFPS and RFAS should not be interpreted as an admission that Plaintiff accepts or admits the existence of any fact(s) set out or assumed by such ROGS, RFPS and RFAS, or that such response or objection constitutes admissible evidence. Furthermore, whether Plaintiff answers part or all of any particular ROGS, RFPS and RFAS is not intended and should not be construed as a waiver by Plaintiff of any or all objections to such ROGS, RFPS and RFAS.

9. Plaintiff objects to the ROGS, RFPS and RFASs on the ground and to the extent that they are overly broad, burdensome, oppressive, vague, ambiguous and/or lacking in particularization.

10. Plaintiff objects to the ROGS, RFPS and RFASs to the extent that they are not limited in time, and in particular to the time period relevant to this litigation, on grounds that such ROGS, RFPS and RFASs seek information which is neither relevant to any issue in this action nor calculated to lead to the discovery of admissible evidence and are overly broad and unduly burdensome.

11. Plaintiff objects to the ROGS, RFPS and RFASs to the extent that they are cumulative or duplicative of other ROGS, RFPS and RFAS and/or to the extent that they seek information obtainable from other more convenient or less burdensome or expensive sources, including public sources or information that is more easily obtained from third parties.

12. Plaintiff objects to the ROGS, RFPS and RFASs to the extent they seek confidential personal information, including social security numbers and dates of birth, and/or

    information protected from disclosure by law (collectively, "confidential material"). Plaintiff objects to the production or disclosure of any such information prior to the entry of a confidentiality order by the Court.

13. Plaintiff reserves the right to supplement, amend and correct these responses based on information and/or documents later obtained through investigation, discovery or otherwise.

Plaintiff repeats and restates all general objections above as if fully set forth in each response to the ROGS, RFPS and RFASs below.

## FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1:** If you contend that you do not owe the subject debt referenced in your Petition, briefly state the legal and factual basis for such contention.

**RESPONSE:** Plaintiff states that she is not legally obligated to pay the subject debt as she never agreed or signed the leasing agreement with Icon Apartments. Following the approval of her credit application, she decided to rent from another apartment complex not related to Icon Apartments. Plaintiff's investigation continues and Plaintiff reserves the right to supplement this response.

**INTERROGATORY NO. 2:** If you contend that you did not agree to a lease with Icon Apartments as stated in your Petition, state the legal and factual basis for that contention.

**RESPONSE:** Plaintiff states that she is not legally obligated to pay the subject debt as she never agreed or signed the leasing agreement with Icon Apartments. Following the approval of her credit application, she decided to rent from another apartment complex not related to Icon Apartments. Plaintiff's investigation continues and Plaintiff reserves the right to supplement this response

**INTERROGATORY NO. 3:** If you contend that, during any phone calls with Defendant, you asked that they verify the validity of the subject debt, state in detail what specific statements you made to Defendant and the date that you made such statements, if any.

**RESPONSE:** Plaintiff objects to this interrogatory on the basis that Defendant is in possession of the information it is seeking as part of its business records for the account(s) it was attempting to collect from Plaintiff. Subject to and without waving the forgoing objection, Plaintiff states that she verbally requested validation for the subject debt as she believed she was not legally obligated to pay they subject debt, as she never agreed to lease from, nor signed a lease with, Icon Apartments. Plaintiff's investigation continues and Plaintiff reserves the right to supplement this response.

**INTERROGATORY NO. 4:** If you contend that you disputed the subject debt referenced in the above interrogatory state the date, time, and substance of the communication which you contend constitutes your dispute of the debt, if any.

**EXHIBIT A**

**RESPONSE:** Plaintiff objects to this interrogatory on the basis that Defendant is in possession of the information it is seeking as part of its business records for the account(s) it was attempting to collect from Plaintiff. Subject to and without waving the forgoing objection, Plaintiff states that she verbally requested validation for the subject debt as she believed she was not legally obligated to pay they subject debt, as she never agreed to lease from, nor signed a lease with, Icon Apartments. To the best of her recollection, Plaintiff believes this call occurred in early 2022. Plaintiff's investigation continues and Plaintiff reserves the right to supplement this response.

**INTERROGATORY NO. 5:** If you contend that Defendant advised you to fill out a "fraud form" as stated in your petition, state whether you completed and submitted this form.

**RESPONSE:** Plaintiff objects to this interrogatory on the basis that Defendant is in possession of the information it is seeking as part of its business records for the account(s) it was attempting to collect from Plaintiff. Subject to and without waving the forgoing objection, Plaintiff states that she did not complete the "fraud form" offered by Defendant. Plaintiff's investigation continues and Plaintiff reserves the right to supplement this response.

**INTERROGATORY NO. 6:** If you contend that you have suffered any mental anguish or emotional distress for which you are entitled to recover damages in this Lawsuit, describe the nature, duration, and severity of the emotional distress/mental anguish, if any.

**RESPONSE:** Plaintiff states that she suffered from mental anguish and emotional distress due to Defendant's actions in attempting to collect a debt not legally owed by Plaintiff. Furthermore, Defendant's inaccurate credit reporting and lack of urgency to rectify the problem on Plaintiff's credit report has caused Plaintiff ongoing distress and damages her good reputation as a consumer. Plaintiff's investigation continues and Plaintiff reserves the right to supplement this response.

**INTERROGATORY NO. 7:** If you contend that you have suffered any mental anguish or emotional distress for which you seek damages in this Lawsuit and which substantially disrupted your daily life and general well-being, describe how, if at all, such mental anguish/emotional distress substantially disrupted your daily life and general well-being.

**RESPONSE:** Defendant's actions of attempting to collect a debt not legally owed by Plaintiff and Defendant's inaccurate reporting and lack of urgency to rectify the problem on Plaintiff's credit report has caused Plaintiff ongoing distress as it damages her good reputation as a consumer. Defendant's misleading conduct has severely disrupted Plaintiff's daily life and general well-being as Plaintiff constantly feared serious consequences from Defendant if she did not agree to pay the subject debt, despite having no legal obligations to do so. Plaintiff's investigation continues and Plaintiff reserves the right to supplement this response.

**INTERROGATORY NO. 8:** If you contend that you have suffered mental anguish or emotional distress for which you are entitled to recover damages in this Lawsuit, and for which you have

**EXHIBIT A**

seen a healthcare provider or therapist, state the name of such healthcare provider, if any, the date on which you began seeing them, and the amounts, if any, which you have been charged for such services.

**RESPONSE:**  At this time, Plaintiff has not seen a healthcare provider due to the anguish and distress caused by Defendant. Plaintiff's investigation continues and Plaintiff reserves the right to supplement this response.

**INTERROGATORY NO. 9:**  If you contend that you have suffered from "damages" to your "good reputation as a consumer" as stated in paragraph 20 of your petition, describe the nature, duration, and severity of the damages to your reputation you claim to have suffered.

**RESPONSE:** Plaintiff objects to this Request in its entirety on the basis that the information sought is are overly broad and unduly burdensome and thus disproportional to the needs of this case at this juncture. Subject to and without waving the forgoing, Plaintiff states that inaccurate reporting by Defendant negatively affected her credit score and good standing as a consumer, as all of her creditors and/or financial institutions can now easily view the poor trade-line listed on her credit report, thus ultimately impacting any opportunities for Plaintiff to obtain or update additional lines of credit.  Plaintiff's investigation continues and Plaintiff reserves the right to supplement this response.

**INTERROGATORY NO. 10:**  If you contend that Defendant's conduct was "misleading" as that term is used in your Petition, briefly state the legal and factual basis for such contention.

**RESPONSE:** Plaintiff states that Defendant's conduct was "misleading" as they continued to report and attempt to collect a debt not legally owed by Plaintiff.  Plaintiff's investigation continues and Plaintiff reserves the right to supplement this response.

**EXHIBIT A**

**FIRST REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:** Produce communications, if any, between yourself and the Icon Apartments regarding the amount you allege you did not owe as referenced in paragraphs 8-21 of your petition.

**RESPONSE:** Plaintiff objects to this interrogatory on the basis that Defendant is in possession of the information it is seeking as part of its business records for the account(s) it was attempting to collect from Plaintiff. Subject to and without waving the forgoing objection, Plaintiff has no documents in her possession, custody, or control. Plaintiff's investigation continues and Plaintiff reserves the right to supplement this response.

**REQUEST FOR PRODUCTION NO. 2:** Produce communications, if any, between yourself and Defendant regarding the amount you allege you did not owe as referenced in paragraphs 8-21 of your petition.

**RESPONSE:** Plaintiff objects to this interrogatory on the basis that Defendant is in possession of the information it is seeking as part of its business records for the account(s) it was attempting to collect from Plaintiff. Subject to and without waving the forgoing objection, Plaintiff has no documents in her possession, custody, or control. Plaintiff's investigation continues and Plaintiff reserves the right to supplement this response.

**REQUEST FOR PRODUCTION NO. 3:** Produce copies of itemized fee bills which you allege are recoverable as reasonable and necessary attorneys' fees in this Lawsuit.

**RESPONSE:** Plaintiff objects to this Request in its entirety on the basis that the information sought is wholly immaterial to the merits of Plaintiff's claims against Respondent and thus disproportional to the needs of this case at this juncture. Plaintiff will file a fee petition with the Court seeking her attorney's fees and costs in the event she prevails in this action. Plaintiff's investigation continues and Plaintiff reserves the right to supplement this response.

**REQUEST FOR PRODUCTION NO. 4:** Produce copies of cost statements which you allege are recoverable pursuant to 15 USC 1692k(a)(3).

**RESPONSE:** Plaintiff objects to this Request in its entirety on the basis that the information sought is wholly immaterial to the merits of Plaintiff's claims against Respondent and thus disproportional to the needs of this case at this juncture. Plaintiff will file a fee petition with the Court seeking her attorney's fees and costs in the event she prevails in this action. Plaintiff's investigation continues and Plaintiff reserves the right to supplement this response.

**REQUEST FOR PRODUCTION NO. 5:** Produce documents which you allege support any actual damages which you have suffered as a result of Defendant's alleged conduct and for which you are seeking recovery in this Lawsuit.

**EXHIBIT A**

**RESPONSE:** Plaintiff refers Defendant to REED000001-000024. Plaintiff's investigation continues and Plaintiff reserves the right to supplement this response.

**REQUEST FOR PRODUCTION NO. 6:** Produce written communications between you and Defendant regarding your alleged dispute regarding the validity of the subject debt, if any.

**RESPONSE:** Plaintiff objects to this interrogatory on the basis that Defendant is in possession of the information it is seeking as part of its business records for the account(s) it was attempting to collect from Plaintiff. Subject to and without waving the forgoing objection, Plaintiff refers Defendant to REED000001-000024. Plaintiff's investigation continues and Plaintiff reserves the right to supplement this response.

**REQUEST FOR PRODUCTION NO. 7**: Produce documents which you contend support the allegation in your Petition, that you "did not owe the subject debt."

**RESPONSE:** Plaintiff objects to this interrogatory on the basis that Defendant is in possession of the information it is seeking as part of its business records for the account(s) it was attempting to collect from Plaintiff. Subject to and without waving the forgoing objection, Plaintiff refers Defendant to REED000001-000024. In addition, Plaintiff states that she never agreed to or signed a leasing agreement at any point with Icon Apartments. Plaintiff's investigation continues and Plaintiff reserves the right to supplement this response.

**REQUEST FOR PRODUCTION NO. 8:** Produce documents which you contend support the allegation in your Petition that, Defendant's conduct severely disrupted your daily life and general well-being.

**RESPONSE:** Plaintiff refers Defendant to REED000001-000024. Plaintiff's investigation continues and Plaintiff reserves the right to supplement this response.

**REQUEST FOR PRODUCTION NO. 9:** Produce documents evincing out-of-pocket damages, if any, which you allege you have suffered as a result of Defendant's conduct.

**RESPONSE:** Plaintiff refers Defendant to REED000001-000024. Plaintiff's investigation continues and Plaintiff reserves the right to supplement this response.

**REQUEST FOR PRODUCTION NO. 10:** Produce documents related to any other lawsuits you have previously been involved in which included allegations of improper debt collection practices.

**RESPONSE:** Plaintiff objects to this Request in its entirety on the basis that the information sought is wholly immaterial to the merits of Plaintiff's claims against Respondent and thus disproportional to the needs of this case at this juncture. Plaintiff's investigation continues and Plaintiff reserves the right to supplement this response.

**REQUEST FOR PRODUCTION NO. 11:** Produce the "fraud form" given to you by Defendant as referenced in your Petition.

**EXHIBIT A**

**RESPONSE:** Plaintiff objects to this interrogatory on the basis that Defendant is in possession of the information it is seeking as part of its business records for the account(s) it was attempting to collect from Plaintiff. Plaintiff's investigation continues and Plaintiff reserves the right to supplement this response.


Dated: September 28, 2022                                    Respectfully submitted,

/s/ *Alexander J. Taylor*

Alexander J. Taylor, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181
ataylor@sulaimanlaw.com

**EXHIBIT A**

## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys for Plaintiff, certifies that on September 28, 2022, he caused a copy of the foregoing **PLAINTIFF'S RESPONSES AND OBJECTIONS TO *I.Q. DATA INTERNATIONAL, INC.*'S INTERROGATOREIS AND REQEUSTS FOR PRODUCTION** to be served via email on:

Lee H. Staley
State Bar No. 24027883
Federal Bar No. 30072
Lstaley@Serpeandrews.Com
Benjamin E. Hamel
State Bar No. 24103198
Federal Bar No. 3184927
Bhamel@Serpeandrews.Com
2929 Allen Parkway, Suite 1600
Houston, Texas 77019 713/452-4400
713/452-4499 Fax
*Counsel For I.Q. Data International, Inc.*

*s/ Alexander J. Taylor*