**Dylan Bass**

| | |
|---|---|
| **From:** | Dylan Bass |
| **Sent:** | Friday, February 3, 2023 3:44 PM |
| **To:** | Mohammed Badwan; Benjamin Hamel |
| **Cc:** | Lee Staley; Marwan Daher |
| **Subject:** | RE: Denoynna Reed v. IQ Data: Outstanding Documents |

Mohammed,

IQ Data will not be producing any documents or materials related to your requests at this time as they are clearly outside the scope of discovery.

First, IQ Data has produced all communications with Icon Apartments that took place prior to the time Plaintiff filed suit. Any conversations that took place after the time Plaintiff filed suit fundamentally cannot be relevant to the claims asserted in the Petition and the Petition has never been amended to include additional claims. The Petition alleges that IQ Data is liable to Plaintiff for using deceptive means to collect a debt. Your client confirmed at her deposition that, to the extent there was ever an attempt to collect a debt, no collection activities had occurred after the date that the lawsuit was filed. Accordingly, it appears that you are seeking information that is irrelevant to any of the pled claims after the deadline for filing amended pleadings has passed which is facially improper.

Second, IQ Data's response to Interrogatory No. 25 expressly states that IQ Data reported the debt on December 21, 2021. Unless you are disputing this date, I am not sure why you are seeking further clarification.

Third, the work card up to the date suit was filed has been produced. As stated above, any materials that did not exist at the time Plaintiff filed suit cannot be relevant to Plaintiff's claims which dealt solely with IQ Data's allegedly tortious collection efforts which undisputedly did not occur after the lawsuit was filed.

As a reminder, Plaintiff responded to IQ Data's MSJ under Article III standing claiming that (1) she has sought medical treatment as a result of IQ Data's conduct; (2) she was denied housing for which she lost $200 in application fees; (3) she experienced an increase in rent by $300 per month; and (4) she experienced a decreased credit score. Despite the fact that IQ Data specifically asked Plaintiff in written discovery to specify her damages, none of these allegations (other than a decreased credit score) were included in Plaintiff's discovery responses nor have they been supplemented to correct what are now clearly false statements based on Plaintiff's deposition testimony and the apparent judicial admissions in Plaintiff's pleadings. Accordingly, please supplement discovery and produce the following items:

1. All of Plaintiff's lease agreements as well as a copy of all of her monthly rent payments for the last 3 years. This is highly relevant as Plaintiff testified that her apartment lease expired around the time that IQ Data reported the debt on Plaintiff's credit report and that she was forced to pay an increased month-to-month rent.
2. Any housing applications that were submitted by Plaintiff (including any denial letters for same) as well as any receipts evidencing any payments that she made as part of the application.
3. A copy of Plaintiff's complete credit report showing Plaintiff's monthly credit score for the last 5 years. This is highly relevant as Plaintiff has claimed that she suffered a decreased credit score as a result of the subject debt, but she also admitted to having other debts listed on her credit report.
4. All of Plaintiff's medical records which she claims were the result of IQ Data's conduct as stated in the MSJ response. As Plaintiff contends that she sought medical treatment as a result of the subject debt being listed on her credit report, this is highly relevant to this case.

Please comply with your ongoing duty to supplement and amend these responses as required by the discovery rules. If you fail to do so, please also be advised that we will seek to have any uncorrected or unsupplemented responses struck at the time of trial due to Plaintiff's failure to comply.

**EXHIBIT C**

Regards,

**Dylan Bass**
Associate Attorney



2929 Allen Parkway, Suite 1600 | Houston, Texas 77019
713.452.4452 Direct | 713.452.4400 Main | 713.452.4499 fax
dbass@serpeandrews.com | www.serpeandrews.com

The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the individual(s) or organization named above. If you are not the intended recipient or an authorized representative of the recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication and its attachments, if any, or the information contained herein is strictly prohibited. If you have received this email in error, please immediately notify the sender by return email or phone, and delete this email from your system.

---

**From:** Mohammed Badwan <mbadwan@sulaimanlaw.com>
**Sent:** Wednesday, January 25, 2023 5:07 PM
**To:** Benjamin Hamel <BHamel@serpeandrews.com>
**Cc:** Lee Staley <LStaley@serpeandrews.com>; Dylan Bass <dbass@serpeandrews.com>; Marwan Daher <mdaher@sulaimanlaw.com>
**Subject:** Denoynna Reed v. IQ Data: Outstanding Documents

Hi Ben,

As you know, IQ Data provided testimony that establishes that IQ Data has not produced the following documents that were previously requested in Plaintiff's discovery requests:

1) Icon Apartments' response to IQ Data's emails requesting verification. The witness clearly testified that they would have record of a response. To the extent Icon Apartments did not respond, we need IQ Data to affirmatively state so.

2) The credit reporting screen that reflects all credit reporting activity. If you recall, the witness testified that he obtained the response to Interrogatory No. 25 by reviewing that screen. IQ Data can clearly print the screen and produce.

3) IQ Data's "formal agreement" with Icon Apartments. The witness' declaration and testimony was that IQ Data has formal agreements with all of its creditors that require the creditors to provide accurate information. Notably, the declaration submitted by the witness was designed to support its bona fide error defense and is therefore highly relevant. Your client opened the door on this one by asserting the bona fide error defense.

4) The account notes/work card entries from January 2022 through April 2022. That date range is highly relevant because it is the date range in which IQ Data discovered the error and deleted the credit reporting. It can be redacted for any privileged entries provided a privilege log is submitted.

Please produce the requested documents no later than February 3, 2023 as we intend on supplementing our response to IQ Data's Motions for Summary Judgment. To the extent IQ Data is not agreeable to producing the requested

**EXHIBIT C**

documents, please advise on your availability for a meet and confer as we intend on compelling production of the requested documents.

Have a good evening.

Regards,


Mohammed O. Badwan, Esq.
Sulaiman Law Group, Ltd.
Attorneys At Law
2500 S. Highland Ave.
Suite 200
Lombard, Illinois 60148
Direct Line (630) 575 - 8180
Fax (630) 575 - 8188
**Website:  AtlasConsumerLaw.com**
Email: mbadwan@sulaimanlaw.com

**CONFIDENTIALITY**: The information contained in this e-mail message and accompanying documents are covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521 and contains confidential information intended only for use by the specified individual(s) and/or entity(s) named above. If you are not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this e-mail in error and any review, dissemination, copying or the taking of any action based on the contents of this communication and/or attached documents is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone or email and delete the original message without making a copy. This message, together with any attachments, is intended for the use of the individual or entity to which it is addressed and contains information that is **LEGALLY PROTECTED BY THE ATTORNEY-CLIENT PRIVILEGE, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE**.

**NOT LEGAL ADVICE:** If you are not an existing client of Sulaiman Law Group, Ltd., do not construe anything in this e-mail to make you a client of Sulaiman Law Group, Ltd.  Any information in this communication is for discussion purposes only, and is not offered as legal advice. There is no right to rely on the information contained in this communication and **no attorney-client relationship is formed**.

**CIRCULAR 230 DISCLAIMER:** To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or tax related matter(s) addressed therein.

**EXHIBIT C**

# Dylan Bass

| | |
|---|---|
| **From:** | Dylan Bass |
| **Sent:** | Wednesday, November 1, 2023 3:15 PM |
| **To:** | Mohammed Badwan; Marwan Daher; Alexander Taylor; Nayeem Mohammed |
| **Cc:** | Lee Staley; Benjamin Hamel; Rebecca Flynn; Kimberly Palmer |
| **Subject:** | RE: 5:22-cv-00068: Reed v. IQ Data: IQ Data's 2nd Supp. Discovery Responses |

Mohammed,

First, IQ Data is not concerned with the admissibility of the email recently produced. IQ Data intends to supplement discovery with a sworn affidavit from Ventura's property manager to establish that Ms. Reed was not denied housing at this property and such testimony will clearly be admissible as rebuttable testimony. Of note, the Lofts at Ventura is a Cohen Esrey community which can easily be found on the [property's website](). Additionally, the email from Alisha Brooks was produced by IQ Data after you requested this information during our call and to give Plaintiff the opportunity to produce documents explaining the discrepancies in her testimony.

Second, Ms. Reed testified that she could not find alternate housing because of the debt being reported on her credit. The fact that she was not denied housing (but was actually approved) at one of the two apartments she identified absolutely negates her damages regardless of whether she was actually denied housing anywhere else. In any event, there is now evidence demonstrating that your client's testimony regarding the Ventura property was false which obligates you under the ethical rules to verify her testimony as to this "other property".

Third, this discovery is not untimely because not only does Plaintiff bear the burden of proof, but it was impossible for IQ Data to have discovered this information prior to the discovery deadline. While discovery closed on September 9, 2022, Plaintiff did not allege that she was "denied housing" until October 21, 2022, during her deposition. Notably, Plaintiff did not provide any information indicating that she was "denied" housing in her written discovery responses that were served to IQ Data on September 29, 2022, which surprisingly still have not been supplemented. If Plaintiff was in fact denied housing, this will be documented and can easily be proven by Plaintiff notwithstanding the fact that you had an obligation to obtain and verify this information which clearly has not been done. Accordingly, the only party who failed to disclose anything timely is Plaintiff and the explanation for that failure appears to be, at best, a blatant failure to comply with the discovery rules and, at worst, perjury regarding a material element that is evidence of bad faith warranting not only dismissal of Plaintiff's claims but also sanctions.

Lastly, as to your inability to "examine the purported Ventura agent," this witness and the necessity of their testimony was clearly known to Plaintiff based on her testimony that she was "denied housing." For that reason, to the extent that there is any prejudice to any party it is to IQ Data who—as a result of Plaintiff's either bad faith discovery practices and/or false testimony—was not able to identify this material witness prior to the end of the discovery period. Thus, either the controverting testimony/evidence should be allowed as it goes to Plaintiff's credibility as a witness or, more specifically, lack thereof, or all testimony regarding Plaintiff's alleged inability to obtain housing should be excluded as a sanction which, given that damages are a material element of all of Plaintiff's claims, would appear to be problematic to her "proceeding to trial."

We will proceed with seeking Court intervention and will be requesting all available forms of relief. In the meantime, please let us know if you are able to verify whether Ms. Reed was/was not denied housing.

Regards,

**Dylan Bass**
Associate Attorney

**EXHIBIT C**



2929 ALLEN PARKWAY, SUITE 1600 | HOUSTON, TEXAS 77019
713.452.4452 DIRECT | 713.452.4400 MAIN | 713.452.4499 FAX
dbass@serpeandrews.com | www.serpeandrews.com

The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the individual(s) or organization named above. If you are not the intended recipient or an authorized representative of the recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication and its attachments, if any, or the information contained herein is strictly prohibited. If you have received this email in error, please immediately notify the sender by return email or phone, and delete this email from your system.

**From:** Mohammed Badwan <mbadwan@sulaimanlaw.com>
**Sent:** Tuesday, October 31, 2023 2:40 PM
**To:** Dylan Bass <dbass@serpeandrews.com>; Marwan Daher <mdaher@sulaimanlaw.com>; Alexander Taylor <ataylor@sulaimanlaw.com>; Nayeem Mohammed <nmohammed@sulaimanlaw.com>
**Cc:** Lee Staley <LStaley@serpeandrews.com>; Benjamin Hamel <BHamel@serpeandrews.com>; Rebecca Flynn <RFlynn@serpeandrews.com>; Kimberly Palmer <kpalmer@serpeandrews.com>
**Subject:** RE: 5:22-cv-00068: Reed v. IQ Data: IQ Data's 2nd Supp. Discovery Responses

Hi Dylan,

I am still waiting to hear back from Ms. Reed re: "the new evidence."

Notably, Ms. Reed testified that she was denied housing on two separate occasions (Dep. Transcript 26:14-30:6). Accordingly, even if IQ Data can prove that Ms. Reed's testimony was inconsistent with the emails purportedly sent by an agent of Ventura, then there is still one denial that is uncontroverted. Accordingly, the ruling on summary judgment will still have evidentiary support.

More importantly, this new evidence is untimely as discovery closed on **September 9, 2022**. Simply put, the untimely disclosure will be seen as a desperate 11th hour attempt to avoid a trial. Lastly, the late disclosure is clearly prejudicial as Plaintiff will not have the opportunity to examine the purported Ventura agent re: her email (which is hearsay by the way). Lastly, the email IQ Data relies on is from Alisha Brooks who is employed by Cohen Esrey, not Ventura. Accordingly, there is a clear lack of foundation. Notably, IQ Data does not even attempt to link Cohen Esrey with the Lofts at Ventura.

Based on the foregoing, Ms. Reed will be proceeding to trial and will vigorously defend the 11th hour motions that IQ Data intends on filing.

I will supplement this email once I discuss with Ms. Reed.


Regards,


Mohammed O. Badwan, Esq.
Sulaiman Law Group, Ltd.

**EXHIBIT C**

Attorneys At Law

2500 S. Highland Ave.

Suite 200

Lombard, Illinois 60148

Direct Line (630) 575 - 8180

Fax (630) 575 - 8188

**Website:**  AtlasConsumerLaw.com

Email: mbadwan@sulaimanlaw.com

**CONFIDENTIALITY**: The information contained in this e-mail message and accompanying documents are covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521 and contains confidential information intended only for use by the specified individual(s) and/or entity(s) named above. If you are not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this e-mail in error and any review, dissemination, copying or the taking of any action based on the contents of this communication and/or attached documents is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone or email and delete the original message without making a copy. This message, together with any attachments, is intended for the use of the individual or entity to which it is addressed and contains information that is **LEGALLY PROTECTED BY THE ATTORNEY-CLIENT PRIVILEGE, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE**.

**NOT LEGAL ADVICE:** If you are not an existing client of Sulaiman Law Group, Ltd., do not construe anything in this e-mail to make you a client of Sulaiman Law Group, Ltd.  Any information in this communication is for discussion purposes only, and is not offered as legal advice. There is no right to rely on the information contained in this communication and **no attorney-client relationship is formed**.

**CIRCULAR 230 DISCLAIMER:** To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or tax related matter(s) addressed therein.

**From:** Dylan Bass <dbass@serpeandrews.com>
**Sent:** Thursday, October 26, 2023 11:48 AM
**To:** Mohammed Badwan <mbadwan@sulaimanlaw.com>; Marwan Daher <mdaher@sulaimanlaw.com>; Alexander Taylor <ataylor@sulaimanlaw.com>; Nayeem Mohammed <nmohammed@sulaimanlaw.com>
**Cc:** Lee Staley <LStaley@serpeandrews.com>; Benjamin Hamel <BHamel@serpeandrews.com>; Rebecca Flynn <RFlynn@serpeandrews.com>; Kimberly Palmer <kpalmer@serpeandrews.com>
**Subject:** RE: 5:22-cv-00068: Reed v. IQ Data: IQ Data's 2nd Supp. Discovery Responses

Mohammed,

As a follow-up to the below email, IQ Data requests that Plaintiff produce documents or other information demonstrating or explaining the basis for Ms. Reed's testimony that she was denied housing at the Lofts at Ventura given the controverting evidence which we discovered. We would request that you do so by Wednesday, November 1, 2023. To the extent that there is not any valid explanation or supporting documents we would also like to know why her testimony was not verified and/or supporting documents not requested prior to using that testimony as evidence in response to our Art. III standing MSJ. We requested these documents nearly a year ago so it appears that either they don't exist, which would indicate that the testimony to the contrary was false, or else no diligent search was performed in contravention of the discovery rules. This is further supported by the fact that we were able to obtain evidence controverting Ms. Reed's testimony that she was denied housing simply by asking for it.

Additionally, to the extent Plaintiff does not provide documents or a reasonable explanation for the above, please advise whether you will be informing the court that you have now discovered that material evidence offered in support of your summary judgment arguments are untrue, as you are required to. Failing that we will, unfortunately, be forced to seek Court intervention requesting all available relief including but not limited to our attorney's fees.

**EXHIBIT C**

I look forward to your response.

Regards,

**Dylan Bass**
Associate Attorney



2929 Allen Parkway, Suite 1600 | Houston, Texas 77019
713.452.4452 Direct | 713.452.4400 Main | 713.452.4499 fax
dbass@serpeandrews.com | www.serpeandrews.com

The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the individual(s) or organization named above. If you are not the intended recipient or an authorized representative of the recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication and its attachments, if any, or the information contained herein is strictly prohibited. If you have received this email in error, please immediately notify the sender by return email or phone, and delete this email from your system.

**From:** Dylan Bass
**Sent:** Wednesday, October 25, 2023 6:17 PM
**To:** Mohammed Badwan <mbadwan@sulaimanlaw.com>; Marwan Daher <mdaher@sulaimanlaw.com>; Alexander Taylor <ataylor@sulaimanlaw.com>
**Cc:** Lee Staley <LStaley@serpeandrews.com>; Benjamin Hamel <BHamel@serpeandrews.com>; Rebecca Flynn <RFlynn@serpeandrews.com>; Kimberly Palmer <kpalmer@serpeandrews.com>
**Subject:** 5:22-cv-00068: Reed v. IQ Data: IQ Data's 2nd Supp. Discovery Responses

Mohammed,

Thank you for phone call this afternoon. As discussed, attached are IQ Data's Second Supplemental Responses and Objections to Plaintiff's Requests for Production. See also attached IQD 000044-000047 which includes counsel for IQ Data's communications with The Lofts at Ventura where Ms. Reed applied for housing. As may recall, Ms. Reed testified that she was denied housing at The Lofts at Ventura due to the subject debt being listed on her credit report. As you will see in the attached documents, however, Ms. Reed was tentatively approved for residency at The Lofts at Ventura but later withdrew her application for residency. Importantly, she was not denied housing at this complex as she testified.

Given that the Court denied IQ Data's Art. III standing MSJ due to Ms. Reed's testimony that she was denied housing at this complex, we will be exploring filing a motion for reconsideration on same and seeking other available legal remedies.

Please let us know if you have any questions.

Regards,

**Dylan Bass**
Associate Attorney

**EXHIBIT C**



2929 A<small>LLEN</small> P<small>ARKWAY</small>, S<small>UITE</small> 1600 | H<small>OUSTON</small>, T<small>EXAS</small> 77019

713.452.4452 D<small>IRECT</small> | 713.452.4400 M<small>AIN</small> | 713.452.4499 <small>FAX</small>

dbass@serpeandrews.com | www.serpeandrews.com

The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the individual(s) or organization named above. If you are not the intended recipient or an authorized representative of the recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication and its attachments, if any, or the information contained herein is strictly prohibited. If you have received this email in error, please immediately notify the sender by return email or phone, and delete this email from your system.