UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DENYONNA N. REED § | | CIVIL ACTION |
| § | | |
| *Plaintiff*, § | | |
| § | | |
| V. § | | COMPLAINT 5:22-cv-00068 |
| § | | |
| I.Q. DATA INTERNATIONAL, INC. § | | |
| § | | |
| *Defendant*. § | | |

### DEFENDANT I.Q. DATA INTERNATIONAL, INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO COMPEL DISCOVERY AND MOTION FOR SANCTIONS

Defendant I.Q. Data International, Inc. ("IQ Data") files this Reply Brief in Support of its Motion to Compel Discovery and Motion for Sanctions. In support thereof, IQ Data would respectfully show the Court as follows:

### I.
### ARGUMENT

1.  *Exceptional circumstances* exist warranting the filing of IQ Data's Motion to Compel Discovery and Motion for Sanctions ("Motion to Compel") [#49] beyond the discovery deadline. Plaintiff testified under oath that she was denied housing by the Lofts at Ventura ("Ventura") and at another unidentified complex[1] due to the debt at issue being listed on her credit report. As detailed in IQ Data's Motion to Compel, one of Ventura's representatives informed IQ Data that Plaintiff was **approved** for housing at Ventura contrary to Plaintiff's deposition testimony. Moreover, the Court denied IQ Data's Article III standing motion for summary

---

[1] IQ Data has not been able to verify whether Plaintiff was denied or approved housing at "The Park Place" as it has been unable to locate or obtain any contact information for this complex despite a diligent search.

judgment on the primary basis that Plaintiff sustained a concrete injury because she was denied housing. Because Plaintiff has failed to produce any documents establishing that she was in fact denied housing and there is now evidence indicating that Plaintiff's testimony may have been false, *exceptional circumstances* exist warranting IQ Data's Motion to Compel beyond the discovery deadline.

2. Plaintiff's Response to IQ Data's Motion to Compel Discovery and Motion for Sanctions ("Response") [#53] criticizes IQ Data for compelling this discovery nearly 14 months after the discovery deadline. As stated in IQ Data's Motion to Compel, "IQ Data was not aware of any *exceptional circumstances* warranting the filing of a motion to compel until October 25, 2023, when it became aware that Plaintiff was approved for housing at Ventura." [#49, ¶ 31]. Plaintiff's Response also attempts to shift the blame for Plaintiff's failure to provide basic discovery documents to IQ Data by claiming that it was IQ Data's obligation to investigate the veracity of Plaintiff's testimony that she was denied housing. However, IQ Data "should not have had to file motions to get the basic information about [Plaintiff's] case." *See i.e., Jones v. Dollar Tree Stores, Inc.*, No. CV H-19-4088, 2020 WL 7753719, at *2 (S.D. Tex. Dec. 10, 2020), report and recommendation adopted, No. CV H-19-4088, 2020 WL 7714709 (S.D. Tex. Dec. 29, 2020).

3. Furthermore, if Plaintiff's testimony is true—that is, that she was denied housing—there will be documents evidencing this allegation. Specifically, Plaintiff would have submitted an application for residency to the apartment complex and she would have received a denial statement/letter in the event she was denied. But rather than producing any documents evidencing that Plaintiff was denied housing, she instead "doubled down" on her testimony notwithstanding the documentary proof IQ Data obtained from Ventura (*see The Lofts at Ventura's Score Card for Denyonna Reed*, attached to IQ Data's Motion to Compel as Exhibit E [#49-5]) reflecting that she

was in fact approved for housing in contradiction of her sworn deposition testimony and her more recently filed sworn Declaration [#53-3] attached to her Response.

4.     Plaintiff's Response also claims that the new evidence discovered by IQ Data—that Plaintiff was approved for housing at Ventura—is prejudicial because "Plaintiff will not have the opportunity to examine the purported Loft at Ventura agent regarding her contention that Plaintiff was not denied housing." [#53, p. 4]. Notwithstanding that Plaintiff is free to contact Ventura to request her application and her approval or denial letter/statement (which Plaintiff appears to be avoiding), the only party prejudiced here is IQ Data as this information should have been disclosed at the outset of this case.

5.     In sum, there is no reasonable explanation to withhold such documents and Plaintiff's failure to produce these materials only further demonstrates that *exceptional circumstances* exist warranting IQ Data's Motion to Compel. IQ Data respectfully requests this Court to enter an order pursuant to Rule 37 compelling Plaintiff to:

  (a)   produce documents evidencing that Plaintiff was denied housing;

  (b)   produce documents reflecting the approval of Plaintiff's application for housing at Ventura;

  (c)   supplement Plaintiff's discovery responses by disclosing the name of any other apartment complex for which she contends that she applied for housing but was subsequently rejected/denied residency due to debt at issue being listed on her credit report; and

  (d)   produce any documents reflecting the approval or denial of any application Plaintiff made for housing at any apartment complex other than Ventura.

6.     IQ Data also seeks appropriate sanctions including costs and reasonable attorney's fees under Rule 37 for Plaintiff's failure to timely disclose this information. In the event Plaintiff's supplemental discovery does not provide a reasonable explanation for her presumably false

testimony, IQ Data requests this Court enter additional sanctions against Plaintiff in the form of a dismissal with prejudice pursuant to Rule 37(b)(2).

## II.
## PRAYER

Defendant I.Q. Data International, Inc., respectfully requests that its Motion to Compel and Motion for Sanctions be granted in its entirety, that Plaintiff be compelled to properly respond and produce the relevant information and documents within fourteen (14) days of such order, that IQ Data be awarded reasonable attorney's fees and expenses associated with preparing this motion, and for such other and further relief, at law and in equity, to which it may show itself justly entitled.

Respectfully submitted,

**SERPE ANDREWS, PLLC**

By: /s/ Lee H. Staley
    Lee H. Staley
    Attorney-In-Charge
    State Bar No. 24027883
    Federal Bar No. 30072
    lstaley@serpeandrews.com
    Benjamin E. Hamel
    State Bar No. 24103198
    Federal Bar No. 3184927
    bhamel@serpeandrews.com
2929 Allen Parkway, Suite 1600
Houston, Texas 77019
713/452-4400
713/452-4499 fax

**ATTORNEYS FOR DEFENDANT**
**I.Q. DATA INTERNATIONAL, INC.**

## CERTIFICATE OF SERVICE

      I hereby certify that on the 27th day of November, 2023, a true and correct copy of the above was electronically filed with the court via CM/ECF system and notification of such filing has been sent to the following:

Mohammed O. Badwan
mbadwan@sulaimanlaw.com
Marwan R. Daher
mdaher@sulaimanlaw.com
Alexander Taylor
ataylor@sulaimanlaw.com
Nayeem Mohammed
nmohammed@sulaimanlaw.com
SULAIMAN LAW GROUP, LTD.
2500 S. Highland Ave. Suite 200
Lombard, IL 60148
(630) 575-8181
*Attorneys for Plaintiff*

      By: */s/ Lee H. Staley*