IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DENYONNA N. REED, | § § § | |
| *Plaintiff,* | § § | SA-22-CV-00068-ESC |
| vs. | § § | |
| I.Q. DATA INTERNATIONAL, INC., | § § | |
| *Defendant.* | § § | |

**ORDER SETTING JURY SELECTION AND TRIAL**

Before the Court is the above-styled cause of action. On April 2, 2024, the parties appeared at a status conference and discussed the schedule for jury selection and trial.

**IT IS THEREFORE ORDERED** that jury selection and trial shall be set for **9:30 a.m. on August 5, 2024,** and a final pretrial conference at **11:00 a.m. on August 2, 2024**. Both trial and the final pretrial conference will occur at the United States Courthouse, 262 West Nueva, San Antonio, Texas, 78207.[1] The courtroom for the hearing will be assigned later, and counsel should check monitors in the courthouse lobby on the day of the hearing, which will contain the assigned courtroom information.

The Court will set a status conference in this case approximately three (3) to four (4) months prior to the above-referenced trial setting.

---

[1] Any party that plans on utilizing courtroom technology during the hearing should refer to the Courtroom Technology Guidance information on the U.S. District Court, Western District of Texas website: San Antonio Courthouse Courtroom Technology – U.S. District Court (uscourts.gov). Court hearings will generally not be delayed to address technological issues encountered by any party.

1

The parties should submit their Joint Pretrial Order on the attached form on or before **July 19, 2024**. This procedure will be followed in lieu of the filing of requirements described in Local Rule CV-16.

**IT IS SO ORDERED.**

SIGNED this 2nd day of April, 2024.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

DENYONNA N. REED, §
§
    *Plaintiff,* § SA-22-CV-00068-ESC
§
vs. §
§
I.Q. DATA INTERNATIONAL, INC., §
§
    *Defendant.* §

JOINT PRETRIAL ORDER

1. APPEARANCE OF COUNSEL

   List each party, its counsel, and counsel's address and telephone number in separate paragraphs.

2. STATEMENT OF THE CASE

   Give a brief statement of the case, one that the judge could read to the jury panel for an introduction to the facts and parties; include names, dates, and places.

3. JURISDICTION

   Briefly specify the jurisdiction of the subject matter and the parties. If there is an unresolved jurisdictional question, state it.

4. MOTIONS

   List pending motions.

5. CONTENTIONS OF THE PARTIES

   State concisely in separate paragraphs each party's claims.

6. ADMISSIONS OF FACT

   List all facts that require no proof and could be submitted to the jury as stipulated facts.

7. CONTESTED ISSUES OF FACT

List all material facts in controversy.

8. AGREED PROPOSITIONS OF LAW

List the legal propositions that are not in dispute.

9. CONTESTED PROPOSITIONS OF LAW

State briefly the unresolved questions of law, with authorities to support each.

10. EXHIBITS

    A. Each party will attach two lists of all exhibits, separately identifying those exhibits that the party expects to offer and those that the party may offer if the need arises. Each party will make the exhibits available for examination by opposing counsel. All documentary exhibits must be exchanged before trial, except for rebuttal exhibits or those whose use cannot be anticipated.

    B. A party requiring authentication of an exhibit must notify the offering counsel in writing within 7 days after the exhibit is listed and made available; failure to object in advance of the trial in writing concedes authenticity.

    C. Within reason, other objections to admissibility of exhibits must be made at least 7 days before trial; the Court will be notified in writing of disputes, with copies of the disputed exhibit and authority. Objections not so disclosed, other than objections under Federal Rules of Evidence 402 and 403, shall be deemed waived unless excused by the court for good cause shown.

    D. Parties must mark their exhibits to include the date and case number on each. All trial exhibits must be marked with an identifying sequence, followed by a dash, followed by a number; for example, Exhibit P-1 and Exhibit D-1. The identifying sequence (e.g., "P" and "D") will identify the party who will offer the exhibit. Parties will assign numbers to their exhibits consecutively, beginning with the number 1. The letter "G" will be assigned to the government for identification purposes. In cases involving more complex pleading relationships (e.g., consolidated cases, intervenors, and third party actions), it is the responsibility of counsel for the plaintiff, in consultation with the judge's courtroom deputy clerk, to coordinate the assignment of the unique identification sequences.

    E. At the trial, the first step will be the offer and receipt in evidence of exhibits.

11. WITNESSES

    A. List the names, address, and telephone number of each witness who may be called (except those to be used for impeachment only), separately identifying those witnesses the party expects to present and those whom the party may call if the need arises. Include a brief statement of the nature of each witness's testimony and a description of the qualifications of each expert witness; this

information will be used to qualify the expert at trial.

B. For those witnesses whose testimony is expected to be presented by means of a deposition, include a transcript of the pertinent portions of the deposition testimony and designation by reference to page and line of the testimony to be offered. Include a list disclosing any objections to the use under Rule 32(a) of deposition testimony designated by the other party.

C. Include:

"If other witnesses to be called at the trial become known, their names, addresses, and subject of their testimony will be reported to opposing counsel in writing as soon as they are known; this does not apply to rebuttal or impeachment witnesses."

12. SETTLEMENT

State that all settlement efforts have been exhausted, that the case cannot be settled, and that it will have to be tried.

13. TRIAL

A. State probable length of trial; and

B. Explain any anticipated logistical issues pertaining to the availability of witnesses and planned trial demonstrations.

14. ADDITIONAL ATTACHMENTS

Include these required attachments for a jury trial:

A. Proposed questions for the voir dire examination.

B. Proposed charge and verdict form, including instructions, definitions, and special interrogatories, with authority.

Date: _____  _____
UNITED STATES MAGISTRATE JUDGE

Approved:

_____  _____

Date: _____    _____
                                  Attorney-in-Charge, Plaintiff


Date: _____    _____
                                  Attorney-in-Charge, Defendant